UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOZART NOEL,

               Petitioner,

vs.                        Case No. 2:11-cv-698-FtM-29SPC

GLADES COUNTY SHERIFF,

               Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

**I.**

This matter comes before the Court upon initial review of the file. Mozart Noel, a *pro se* petitioner, initiated this action by filing a pleading he entitled "Writ of Habeas Corpus" (Doc. #1, Petition) on December 16, 2011. Petitioner did not pay the $5.00 filing fee, or file a motion for leave to proceed in forma pauperis. See docket.

**II.**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is not required to serve the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, the Court finds the petition subject to dismissal, without prejudice, for the following reasons.

At the outset, the Court notes that the instant Petition is directed to the Sheriff of Glades County and requests that the Sheriff show cause for Petitioner's current detention. See Petition. In particular, Petitioner states that he has been "committed to the county jail," and "charged with an offense for which he has not been duly processed." Id. at 1. The caption of the pleading is styled for the "Magistrate Court" in Glades County, Florida. Id.

Although unclear, it appears that Petitioner has been arrested and held in prison, but has not had an initial appearance. To the extent Petitioner wishes to challenge his pre-trial detention while a criminal case is pending, the instant habeas is filed pursuant to § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). In this instance, if Petitioner's criminal trial proceedings remain pending before the State court, dismissal of this Petition is warranted under Younger. See Younger v. Harris, 401 U.S. 37 (1971)(holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F.3d 1345 (11th Cir. 2002)(finding federal habeas petition was not ripe for review when state judgment was not yet final). Under the Younger doctrine, federal courts should abstain from interfering with a state proceeding absent a showing of: bad faith prosecution, irreparable

injury, or the absence of an adequate state forum. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004)(citations omitted). Subsequent decisions have refined Younger to only those cases when the prosecution is brought to harass, or otherwise brought in bad faith. News Journal v. Foxman, 939 F.2d 1499, 1507-09 (11th Cir. 1991). Here, the Court finds that none of the aforementioned exceptions apply. Petitioner appears to have an adequate State forum and may raise the instant claims during his pending criminal proceedings.

Alternatively, Petitioner references case number "KRO1109000171," and has also written the number "A#019345051" on the Petition. Petition at 1. Thus, although unclear, it appears that Petitioner may be an illegal alien who is detained at the Glades County Jail awaiting deportation. While Petitioner may file a petition to challenge a continued detention pending deportation pursuant to 28 U.S.C. § 2241(c)(3), the Court is unable to decipher based on a review of the instant Petition if that is the type of relief Petitioner seeks. See Zadvydas v. Davis, 533 U.S. 678, 687-688 (2001). Once a final order of removal has been entered, the "Attorney General" shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6) authorizes continued detention in certain cases beyond this mandatory 90 day period but only for as long is "reasonably necessary" to effectuate removal. Id. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. The Supreme Court found that a six

month period is presumptively reasonable to effectuate removal; after which, an alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonable foreseeable future." Clark v. Martinez, 543 U.S. 371, 378 (2005)(quoting Zadvydas, 533 U.S. at 701). This six month presumptively reasonable period must have expired at the time of the filing of a petition. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, if Petitioner is currently awaiting deportation, the Petition contains no facts describing whether an order of removal has been entered, or whether Petitioner's detention pending deportation has exceeded six months. See Petition. Accordingly, the Court will dismiss the instant Petition, without prejudice, and allow Petitioner to initiate a new action by filing a petition for writ of habeas corpus on the Court's standardized form, if that is the relief he intends to seek. In filing a new Petition, Petitioner should include the facts describing where he is detained and what he is challenging.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED** without prejudice.

2. The **Clerk of Court** shall mail Petitioner a § 2241 Habeas Corpus Petition standardized form for Petitioner's use, if appropriate.

3. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __21st__ day of December, 2011.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record